IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WEST CHESTER UNIVERSITY | : | |
| FOUNDATION, | : | |
| Plaintiff, | : | CIVIL ACTION |
| v. | : | NO. 15-3627 |
| | : | |
| METLIFE INSURANCE COMPANY, | : | |
| OF CONNECTICUT, | : | |
| Defendant. | : | |

**Jones, II    J.**

February 8, 2016

**MEMORANDUM**

I.   **Procedural and Factual Background**

Defendant, Metlife Insurance Company of Connecticut ("Metlife"), removed this action from the Court of Common Pleas of Chester County, Pennsylvania, Docket No. 2015-04471-TT, on June 29, 2015, (Dkt No. 1) [hereinafter "Rem."]. Plaintiff, West Chester University Foundation, filed a Motion to Remand on July 22, 2015 (Dkt No. 5) [hereinafter "Mot."]. Defendant then filed a Response in Opposition, (Dkt No. 8) [hereinafter "Opp."], and Plaintiff filed a Reply in Further Support of the Motion to Remand (Dkt No. 9) [hereinafter "Rep."].

Plaintiff is a nonprofit corporation that, as part of its charitable purpose and through fundraising activities, donates resources to prospective contributors. (Compl. ¶ 1, 7.) Defendant allegedly developed a vanishing premium scheme for flexible premium variable life insurance policies and advanced the scheme through misleading and false representations. (Compl. ¶ 8-9.) Plaintiff allegedly relied on such representations in encouraging two of their donors to convert their donations into premium payments and thus procured Metlife Flexible Premium Variable Life Insurance policies with the Foundation as the owner and beneficiary of the Policies. (Compl. ¶ 21-22.)  Plaintiff alleges that the Policies have not delivered in accordance with Metlife's projections, representations, and warranties, or in accordance with the reasonable expectations of the Foundation. (Compl. ¶ 26.)  Therefore, Plaintiff brings suit against Defendant for fraud, fraudulent inducement, negligent misrepresentation, promissory estoppel, bad faith, and unjust enrichment. ((Compl. Counts I-VI.)

Upon consideration of the aforementioned filings, the Court will DENY Plaintiff's Motion for Remand for the reasons set forth below.

1

## II. Legal Standard

Defendant removed this insurance action for fraud, fraudulent inducement, negligent misrepresentation, promissory estoppel, bad faith, and unjust enrichment from the state court, contending that the federal court has subject matter jurisdiction based upon diversity of citizenship pursuant to 28 U.S.C. § 1332. In removal actions, the defendant bears the burden of demonstrating that the amount in controversy is satisfied. *Kaufman v. Allstate New Jersey Ins. Co.*, 561 F.3d 144, 151 (3d Cir. 2009) (citing *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007)); *accord Brown v. JEVIC*, 575 F.3d 322, 326 (3d Cir. 2009) (the removing party "carries a heavy burden of showing that at all stages of the litigation the case is properly before the federal court"). Additionally, removal statutes are to be strictly construed, and all doubts are resolved in favor of remand. *Brown*, 575 F.3d at 326; *Samuel-Bassett v. Kia Motors Am., Inc.*, 357 F.3d 392, 396, 403 (3d Cir. 2004); *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990).

The Federal Courts Jurisdiction and Venue Clarification Act of 2011, H.R. 394, P.L. 112–63, standardized how courts evaluate the amount in controversy requirement for removal actions. This provision, codified at 28 U.S.C. § 1446(c)(2), states that the "sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2). If the initial pleading seeks "nonmonetary relief" or "the State practice does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded," then "removal of the action is proper . . . if the district court finds, by a preponderance of the evidence, that the amount in controversy exceeds [$75,000]." *Id.* If the complaint does not expressly state that the amount in controversy is less than the $75,000.00 jurisdictional minimum, the removing defendant bears the burden of proving the jurisdictional threshold has been met by a preponderance of the evidence. § 1446(c)(2)(A) and (B); *Frederico*, 507 F.3d at 194; *Samuel-Bassett*, 357 F.3d at 398. If the defendant fails to meet this burden, the case will be remanded.

## III. Analysis

Plaintiff's initial pleading seeks compensatory damages, punitive damages, attorney's fees, interest, costs, "and, specifically, to keep the Policies in force for the life of the insureds

thereunder without the need for additional premium payments." (Compl. 8.) This Court must evaluate and aggregate each form of relief sought in order to reach the total amount in controversy. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 585 (2005).

    a. *Non-Monetary Relief*

Plaintiff seeks non-monetary relief in Count IV of the Complaint. In determining the proper monetary value of this claim for purposes of the amount in controversy, this Court first looks to the applicable statute, 28 U.S.C. § 1446.

> (c) Requirements; removal based on diversity of citizenship.--(1) A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action.
>
>> (2) If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that—
>>
>>> (A) the notice of removal may assert the amount in controversy if the initial pleading seeks—
>>>
>>>> (i) nonmonetary relief; or
>>>>
>>>> (ii) a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded; and
>>>
>>> (B) removal of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a).

Importantly, the Court notes that because Plaintiff seeks non-monetary relief, the statute permits

Defendant to assert the amount in controversy in its notice of removal under § 1446 (c)(2)(A)(i). As a result, the Court must consider the total amount of premium payments that will be foregone if such relief is granted. Defendant is permitted to assert the amount in controversy based on this non-monetary relief, however, the Court still must find the assertion to be true by a preponderance of the evidence. § 1446 (c)(2)(B).

Defendant asserts that the dollar amount on this non-monetary relief is $95,000. (Rem. 4.) But as Plaintiff points out, such a calculation would require the two insureds to live to 99 and 100 years old. (Mot. 4.) When the total amount of premiums foregone is based on a calculation using the average life expectancy, this total drops to $46,000. (Mot. 5.) Plaintiff tries to further lower that number in its Reply by speculating about monies in the investment accounts that could offset these premiums; such speculation will not be considered. (Rep. 2.) While the Court hopes for the longevity of the insureds, the use of the average life expectancy is a far more reasonable calculation for the amount in controversy. Therefore, the Court finds by a preponderance of the evidence that the non-monetary relief sought totals to $46,000.

    b. *Compensatory Damages*

The first three counts of Plaintiff's complaint allege that Plaintiff made premium payments from charitable contributions based on fraud, fraud in the inducement, and negligent misrepresentation and therefore Plaintiff seeks compensatory damages as a result. (Compl. 5-7.) The compensatory damages would include return of past premium payments amounting to approximately $11,000. (Rep. 3.) Plaintiff argues in its Reply that this amount should be used *instead* of the calculation based on the non-monetary relief sought, but the law requires that the amount sought for each count of the complaint be aggregated. *Allapattah*, 545 U.S. at 585 ("[I]n determining whether the amount-in-controversy requirement has been satisfied, a single plaintiff may aggregate two or more claims against a single defendant, even if the claims are unrelated."). Therefore, the compensatory damages amount of $11,000 must be added to the non-monetary amount of $46,000, which brings the amount in controversy to $57,000.

    c. *Attorney's Fees*

Defendant argues here that attorney's fees ought to be aggregated with punitive and compensatory damages to reach the amount in controversy. (Rem. 4; Opp. 7.) "[W]hen state law provides for the recovery of attorneys' fees by a successful plaintiff, those fees must be considered in calculating the jurisdictional amount in controversy." *Prof'l Cleaning & Innovative Bldg. Servs., Inc. v. Kennedy Funding, Inc.*, 245 F. App'x 161, 163 n.2 (3d Cir. 2007); *see also*

*Suber v. Chrysler Corp.*, 104 F.3d 578, 585 (3d Cir.1997) ("Moreover, in calculating the amount in controversy, we must consider potential attorney's fees."). "It is undisputed that punitive damages and attorneys' fees are available under 42 Pa. Cons. Stat. Ann. § 8371 and there is no cap on the amount that can be recovered." *Minissale v. State Farm Fire & Cas. Co.*, 988 F. Supp. 2d 472, 476 (E.D. Pa. 2013). Therefore, under longstanding Supreme Court precedent, attorney's fees must be considered as part of the total amount in controversy. *Missouri State Life Ins. Co. v. Jones*, 290 U.S. 199, 202 (1933) ("The amount so demanded became part of the matter put in controversy by the complaint, and not mere 'costs' excluded from the reckoning by the jurisdictional and removal statutes."). Given the difficulty in anticipating the potential expenditure of attorney's fees in any given case, however, the Court will simply keep in mind the inclusion of attorney's fees without speculation as to an exact dollar amount.

      *d.  Punitive Damages*

Defendant relies heavily on Plaintiff's demand for punitive damages under 42 Pa. C.S. § 8371 in its initial pleading. "When punitive damages are recoverable, as they are here, they are properly considered in determining whether the claim reaches the jurisdictional threshold." *Ripley v. Brethren Mut. Ins. Co.*, 69 F. Supp. 3d 503, 509 (E.D. Pa. 2014) (citing *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1046 (3d Cir.1993)). Claims for punitive damages may be aggregated with claims for compensatory damages, provided the claims for punitive damages are not "patently frivolous and without foundation." *Huber v. Taylor*, 532 F.3d 237, 244 (3d Cir. 2008). Punitive damage claims are *per se* "'patently frivolous and without foundation'" if they are unavailable as a matter of state substantive law. *Golden ex rel. Golden v. Golden*, 382 F.3d 348, 355 (3d Cir. 2004). Under 42 Pa. C.S. § 8371, the court may "award punitive damages against the insurer." As a result, punitive damages are available under state law and thus considered part of the amount in controversy.

The Third Circuit has held that "if appropriately made . . . a request for punitive damages will generally satisfy the amount in controversy requirement because it cannot be stated to a legal certainty that the value of the plaintiff's claim is below the statutory minimum." *Golden,* 382 F.3d at 355 (3d Cir. 2004). Although in *Golden* it was the plaintiff seeking federal jurisdiction and in cases where the defendant seeks removal the defendant must prove the potential exposure to punitive damages, it is nonetheless clear why the maxim exists. *Morgan v. Gay*, 471 F.3d 469, 475 (3d Cir. 2006). Once compensatory damages are somewhere in the neighborhood of $75,000, it is challenging to find that the amount in controversy does not

5

exceed $75,000 considering that even a relatively low punitive damage award would certainly exceed $75,000.

Defendant argues that, even assuming the $23,000 amount claimed by Plaintiff in its Motion, many courts have found that such an amount can satisfy the amount in controversy where punitive damages are claimed. (Opp. 7-8.) In its Reply, Plaintiff then adjusts its calculations to reach an amount in controversy of $11,000 and therefore asserts a punitive damages award would have to be unconstitutional in order to reach the amount in controversy. (Rep. 3-4.) Plaintiff's $11,000 estimate, however, is based solely on calculating compensatory damages seeking to recover the value of past premiums already paid. As previously addressed, this amount must be aggregated with the other forms of relief sought, not considered independently. *See supra* III(b). Therefore, Defendant has demonstrated by a preponderance of the evidence that the amount in controversy is satisfied by the punitive damages. *See, e.g., Minissale*, 988 F. Supp. 2d at 477 ("Since Plaintiffs are able to recover, in addition to the $55,315 estimate for consequential damages, punitive damages and attorney's fees, and Pennsylvania law does not cap those damages, it is more likely than not that Plaintiffs can recover more than $75,000.").

At this point in the calculation, Defendant need only show that it is more likely than not that $18,000 dollars in punitive damages is in controversy in order to reach the $75,000 jurisdictional threshold. *Morgan v. Gay*, 471 F.3d 469, 474 (3d Cir. 2006). Unlike in *Gay* where the defendants alleged the plaintiff would seek millions of dollars in punitive damages without any support, here Defendant has provided relevant cases where plaintiffs are awarded punitive damages in excess of a 3:1 ratio of punitive damages to compensatory damages. (Opp. 8.) Further, Plaintiff's argument that damages would be unconstitutional if the compensatory damages are only $11,000 is unfounded. (Rep. 3.) While the Supreme Court has established due process limits on awards of punitive damages, a punitive damage award under Section 8371 in excess of the jurisdictional amount in controversy can still satisfy the "single-digit" ratio rule, even with only $11,000 in compensatory damages. *Willow Inn, Inc. v. Pub. Serv. Mut. Ins. Co.*, 399 F.3d 224, 234 (3d Cir. 2005) (citing *State Farm Auto. Ins. Co. v. Campbell*, 538 U.S. 408); (Opp. 6-7.) Based on this Court's calculation of the compensatory damages at issue, however, it is not necessary to hypothesize about such an award; with compensatory damages at $57,000, even just a 1:1 ratio of punitive to compensatory damages will exceed the amount in controversy.

**IV.     Conclusion**

      The Third Circuit has made clear that all doubts must be resolved in favor of remanding previously removed cases to state court. This Court heeds that advice and considers all motions for remand through such a lens. Here, however, Defendant has convinced this Court by a preponderance of the evidence that the amount in controversy is in excess of $75,000. Once this Court considers the monetary value of Plaintiff's claim for non-monetary relief, the compensatory relief sought, attorney's fees sought, and punitive damages sought, it is more likely than not that the amount in controversy exceeds $75,000; therefore, the Motion for Remand must be DENIED.

      An appropriate Order follows.


BY THE COURT:


/s/ C. Darnell Jones, II
C. DARNELL JONES, II        J.