IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WEST CHESTER UNIVERSITY | : | |
| FOUNDATION, | : | |
| Plaintiff, | : | CIVIL ACTION |
| v. | : | NO. 15-3627 |
| | : | |
| METLIFE INSURANCE COMPANY, | : | |
| OF CONNECTICUT, | : | |
| Defendant. | : | |

**Jones, II    J.**

**May 20, 2016**

**MEMORANDUM**

Now pending before the Court is Defendant MetLife Insurance Company's Motion to Dismiss [hereinafter MTD], (Dkt No. 3), Plaintiff West Chester University's Response in Opposition [hereinafter Resp.], (Dkt No. 6), and Defendant's Reply in Support of Motion to Dismiss [hereinafter Reply], (Dkt No. 7).

Defendant, Metlife Insurance Company of Connecticut ("Metlife"), removed this action from the Court of Common Pleas of Chester County, Pennsylvania, Docket No. 2015-04471-TT, on June 29, 2015 [hereinafter "Rem."], (Dkt No. 1). Attached to Defendant's Removal is Plaintiff's Complaint [hereinafter "Compl."], (Dkt No. 1, Exhibit A), including the two life insurance policies at issue in this case.

For the reasons that follow, the motion to dismiss will be granted.

**I.    Factual Background**

The Court accepts Plaintiff's allegations as true at the motion to dismiss stage and therefore recites the facts as alleged by Plaintiff.

Plaintiff is a nonprofit corporation that, as part of its charitable purpose and through fundraising activities, donates resources to prospective contributors. (Compl. ¶ 1, 7.) Defendant developed a vanishing premium scheme for flexible premium variable life insurance policies and advanced the scheme through misleading and false representations. (Compl. ¶ 8-9.) Plaintiff relied on such representations in encouraging two of their donors to convert their donations into premium payments and thus procured Metlife Flexible Premium Variable Life Insurance policies with the Foundation as the owner and beneficiary of the Policies. (Compl. ¶ 21-22.) The Policies have not delivered in accordance with Metlife's projections, representations, and warranties, or

1

in accordance with the reasonable expectations of the Foundation. (Compl. ¶ 26.) Therefore, Plaintiff brings suit against Defendant for fraud, fraudulent inducement, negligent misrepresentation, promissory estoppel, bad faith, and unjust enrichment. (Compl. Counts I-VI.)

## II. Legal Standard

Federal Rule of Civil Procedure 12(b)(1) governs a motion to dismiss for lack of standing[1] because "standing is a jurisdictional matter." *Ballentine v. United States,* 486 F.3d 806, 810 (3d Cir. 2007). Standing "is a threshold jurisdictional requirement, derived from the 'case or controversy' language of Article III of the Constitution." *Pub. Interest Research Grp. of N.J., Inc. v. Magnesium Elektron, Inc.,* 123 F.3d 111, 117 (3d Cir.1997). A plaintiff must establish standing in order for the court to possess jurisdiction. *Id.* "[T]he irreducible constitutional minimum of standing contains three elements." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). First, the plaintiff must have suffered an injury in fact that is (a) concrete and particularized, and (b) actual or imminent rather than conjectural or hypothetical. *Id.* Second, the injury must be fairly traceable to the defendant. *Id.* Third, and finally, it must be likely, rather than speculative, that the injury will be redressed by a favorable decision. *Id.* at 561. "Standing is established at the pleading stage by setting forth specific facts that indicate that the party has been injured in fact or that injury is imminent, that the challenged action is causally connected to the actual or imminent injury, and that the injury may be redressed by the cause of action." *Anjelino v. N.Y. Times Co.,* 200 F.3d 73, 88 (3d Cir. 2000).

## III. Analysis

Defendant moves to dismiss Plaintiff's Complaint on three grounds: (1) Plaintiff lacks standing; (2) Plaintiff's claims are barred by the statute of limitations; and (3) each individual claim, Counts I-VI, fails for factual insufficiency or as a matter of law.[2] Because the Court agrees that Plaintiff has failed to establish the requirements of Article III standing, which is a jurisdictional requirement, the Court will not reach Defendant's second and third arguments. *Storino v. Bor. of Point Pleasant Beach*, 322 F.3d 293, 295 (3d Cir. 2003).

---

[1] Defendant moves to dismiss for lack of standing pursuant to 12(b)(6). This, however, is plain error as "motions to dismiss on the grounds of a failure to allege an 'injury in fact' implicate constitutional standing principles and thus are predicated on Rule 12(b)(1) rather than Rule 12(b)(6)." *Maio v. Aetna, Inc*., 221 F.3d 472, 482 n.7 (3d Cir. 2000). Therefore, the Court will apply the standard for a motion to dismiss under 12(b)(1) in deciding the issue of standing.

[2] Plaintiff does not oppose Defendant's Motion to Dismiss Counts I (fraud), II (fraud in the inducement), and III (negligent misrepresentation). The Court reminds Plaintiff that failure to oppose a motion to dismiss is grounds for waiver pursuant to Local Rule 7.1(c). *Issaschar v. ELI Am. Friends of Israel Ass'n for Child Prot., Inc.*, No. CIV. 13-2415, 2014 WL 716986, at *5 n.8 (E.D. Pa. Feb. 25, 2014) (internal citations omitted); *see also Matthew v. Freedman*, 128 F.R.D. 194, 199 (E.D. Pa. 1989) (deeming opposition "waived for lack of substantiation").

Defendant first moves to dismiss the complaint for lack of standing because Plaintiff is not injured by the failure of the premiums to vanish, but rather the injury is to the donors who are required to make the payments. (MTD at 4.) Plaintiff argues in its response in opposition that Defendant "convinced the Foundation to convert its donations into premium payments in return for future life insurance," and that "The Foundation is now at a point where it should no longer be making premium payments to Metlife." (Resp. at 4.) The allegations in the Complaint, however, suggest that it was the donors who converted donations into premium payments and are therefore responsible for the payments. (*See e.g.* Compl. ¶ 21 ("The Foundation . . . encouraged two of its donors to convert their donations into premium payments"); Compl. ¶ 33 ("The Foundation . . . encouraged their donors to divert charitable contributions into premium payments"); Compl. ¶ 38 (same); Compl. ¶ 49 (same)). The allegations in the complaint, not the response in opposition must control because Plaintiff "cannot amend [its] complaint through a legal brief submitted in opposition to the motion to dismiss." *Beauchamp v. Chichester Sch. Dist.*, No. CIV.A. 05-4141, 2005 WL 3110822, at *4 (E.D. Pa. Nov. 17, 2005) (O'Neill, J.) (citing *PBGC v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).

As the party invoking the judicial power, Plaintiff bears the burden of establishing the elements of standing. *Lujan*, 504 U.S. at 561. The elements of standing "are not mere pleading requirements but rather an indispensable part of the plaintiff's case, each element must be supported in the same way as any other matter on which plaintiff bears the burden of proof, *i.e.*, with the manner and degree of evidence required at the successive stages of the litigation." *Id.* Therefore, at this stage in the litigation, Plaintiff's allegations when taken as true must establish the elements of standing. But Plaintiff's inconsistent and unclear allegations as to who pays the premiums on the polices do not permit the inference that Plaintiff has been harmed. The allegations lead to the inference that the donors themselves are responsible for the premiums and Plaintiff will collect on the benefits[3] at the end of the donors' lives. (Compl. ¶¶ 20-21; *see also* Resp. at 4 ("Specifically, Metlife, by and through its agents, convinced the Foundation to convert its donations into premium payments in return for future life insurance benefits.")) Therefore, to the extent that an injury has occurred based on the failure of the premiums to vanish, Plaintiff has not established that the injury is in fact to Plaintiff itself.[4]

---

[3] To the extent that Plaintiff is or will be injured by the cancellation or reduction of the life insurance payout, Plaintiff has failed to plead specific facts to establish that such an injury is actual or imminent.

[4] To the extent that Plaintiff may seek third-party standing to litigate the matter on behalf of the donors responsible for paying the premiums, Plaintiff must allege the additional requirements necessary to establish third-party standing. *Kowalski v. Tesmer*, 542 U.S. 125, 130 (2004) (citing *Powers v. Ohio*, 499 U.S. 400, 411 (1991)).

Defendant then moves to dismiss the complaint for lack of standing because the harm is too speculative since there is no allegation as to when the premiums should have vanished[5] and whether payments have continued to be due at that point. (MTD at 4.) Plaintiff argues in its response in opposition that "the premium payments in this case should have 'vanished' by now and the Foundation will now have to forfeit its policies if it does not make additional payments," but provides no citation to the Complaint. (Resp. at 5.) Again, Plaintiff cannot amend its complaint through a response in opposition. Plaintiff must establish that the injury is actual or imminent, but has failed to allege in its Complaint when the premiums were to vanish and whether they have continued. *Lujan*, 504 U.S. at 561. Without allegations as to when Plaintiff was or will be injured, Plaintiff cannot demonstrate an actual or imminent injury.

Because Plaintiff has failed to establish standing, the Complaint must be dismissed.

### IV. Conclusion

In light of the foregoing, Defendant's Motion to Dismiss will be granted and Plaintiff's Complaint will be dismissed without prejudice.

Plaintiff will be afforded leave to file an amended complaint, which must be filed no later than June 17, 2016.

An appropriate Order follows.

BY THE COURT:

/s/ C. Darnell Jones, II
C. DARNELL JONES, II         J.

---

[5] Because Plaintiff's failure to properly establish standing is dispositive, the Court need not address Defendant's remaining arguments. The Court, however, finds it necessary to highlight that Plaintiff's failure to establish a timeline regarding the vanishing premiums likewise falls short of establishing the timeliness of the Complaint for purposes of the statute of limitations.